**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devrie Breanne Carlson,<br><br>          Petitioner,<br><br>v.<br><br>Duane-Cody Carlson,<br><br>          Respondent. | No. CV-24-08220-PCT-DWL<br><br>**ORDER** |

On November 7, 2022, Petitioner Devrie Breanne Carlson initiated a divorce proceeding by filing a Petition for Dissolution of a Non-Covenant Marriage with Minor Children ("the Petition") in Navajo County Superior Court. (Doc. 2-1 at 3.) The Petition raises no federal questions and establishes that Respondent Duane Cody Carlson, Petitioner, and their children are Arizona citizens.

On November 19, 2024, Respondent lodged a notice of removal (Doc. 2) and filed a "Request/Motion to Seal Case Without Redaction" (Doc. 1).

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who

1 seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). Here, Respondent asks to conduct the entire case under seal. Thus, the "compelling reasons" standard applies. *See, e.g.*, *Pintos v. Pac. Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir. 2009) (noting that the "compelling reasons" standard applies to most judicial records).

The motion to seal states only that the Social Security numbers, birthdates, and names of the minor children are confidential and offers no reason why the case should be sealed in its entirety. (Doc. 1.) Thus, although the confidential Social Security numbers, birthdates, and names of the minor children should be redacted, there is no compelling reason to seal the entire action.

Turning to a separate threshold issue, the Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The lodged notice of removal asserts that the Navajo County Superior Court and Petitioner have violated Respondent's federal rights. But such an assertion does not provide this Court with subject-matter jurisdiction over the state court divorce proceeding. *See, e.g.*, *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' A defense that raises a federal question is inadequate to confer federal jurisdiction.") (citation omitted). The "complaint" (the Petition) does not include any claims that arise under federal law. Because the Court lacks subject-matter jurisdiction, this action must be remanded to Navajo County Superior Court.

The Clerk of Court is directed to unseal this action and remand it. The sealed motion to seal (Doc. 1) shall be unsealed. The motion to allow non-electronic exhibits, which is currently lodged under seal (Doc. 3), shall be unsealed and denied as moot. However, the Court concludes that the notice of removal and its attachments, which together total 369 pages, may remain lodged under seal *on the federal docket only* because the minor children's sensitive information appears throughout the lengthy filing, and the state court has no doubt already dealt with the issue of what must be redacted and what must be made publicly available. The public interest in this material can be satisfied by viewing the state court records, with the exception of the notice of removal itself, which is two pages long and consists mainly of accusations regarding the state court's alleged mishandling of the divorce proceeding. Unfortunately, the notice was not filed separately, as it should have been—rather, an additional 33 pages of material, including the minor children's medical records, were combined with the two-page notice of removal into one document. (Doc. 2.) As such, the Clerk cannot separate the first two pages and file them without technical difficulties. Nevertheless, the compelling public interest demands that these two pages be filed, and rather than ordering Respondent, who is proceeding *pro se*, to publicly file the two-page notice of removal after this action has already been remanded—which seems to invite potential confusion and error—the Court will respectfully ask the Clerk of Court to print the first two pages of the document lodged under seal at Doc. 2 and file those two pages in the public record as the unsealed Notice of Removal in this action before effectuating the remand.

Accordingly,

**IT IS ORDERED** that the motion to seal (Doc. 1) is **denied**. The motion to seal (Doc. 1) and lodged motion to allow electronic exhibits (Doc. 3) shall be **unsealed**, and the latter motion **denied as moot**.

**IT IS FURTHER ORDERED** that the filing at Doc. 2 and its attachments shall remain lodged under seal.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the first two pages

of the filing at Doc. 2 in the public record as the Notice of Removal.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Navajo County Superior Court for lack of subject-matter jurisdiction.

Dated this 3rd day of December, 2024.

Dominic W. Lanza
United States District Judge